Electronically Filed
5/7/2018 5:13 PM
Third Judicial District, Canyon County
Chris Yamamoto, Clerk of the Court
By: Sharon Carter, Deputy Clerk

Joseph P. Filicetti, ISB No. 3706
Scott A. Pearson, ISB No. 10358
**FILICETTI LAW OFFICE, P.A.**
280 N. 8th St., Ste. 138
P. O. Box 449
Boise, ID 83701
Telephone: (208) 388-0123
Fax: (208) 388-0120
jpf@filicettilaw.com
Attorneys for Plaintiff

**RECEIVED**

**MAY 08 2018**

**CANYON COUNTY COMMISSIONERS**

IN THE DISTRICT COURT OF THE THIRD JUDICIAL DISTRICT OF THE

STATE OF IDAHO, IN AND FOR THE COUNTY OF CANYON

| | |
|---|---|
| CASEY ZECHMANN,<br><br>        Plaintiff,<br><br>vs.<br><br>CANYON COUNTY, and DOES 1 through 10, inclusive,<br><br>        Defendant. | Case No. CV14-17-12600<br><br>**SECOND AMEMDED COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff, by his attorney, Joseph P. Filicetti of Filicetti Law Office, P.A., complains of Defendant, and respectfully alleges as follows:

### I. JURISDICTION AND VENUE

1. This Court has subject matter and personal jurisdiction pursuant to I.C. § 6-901 *et seq.*, including I.C. § 6-914; I.C. § 6-2101 *et seq.*, including I.C. § 6-2105.

2. Venue is proper pursuant to I.C. § 5-402, I.C. § 5-403 and I.C. §5-404.

Second Amended Complaint and Demand for Jury Trial. Page - 1

Exhibit 1 (Page 1 of 12)

3.  Plaintiff brings this action to recover unpaid overtime compensation and other relief under the provisions of the Fair Labor Standards Act of 1938, as amended [29 U.S.C. §§ 201-219; hereinafter the "Act" or the "FLSA"].

4.  Plaintiff also brings this action under the Idaho Protection of Public Employees Act under the provisions of Idaho Code §6-2101 et seq.

5.  Jurisdiction of this action is conferred upon this Court by § 16(b) of the Act [29 U.S.C. §216(b)] and by 28 U.S.C. §1337.

6.  Venue of this action is established in this Court by §16(b) of the Act [29 U.S.C. §216(b)] and 28 U.S.C. §1391(b).

7.  The monetary amount in controversy exceeds the minimum jurisdictional amount of $10,000.00 for the District Court. I.R.C.P. 9(g).

## II. THE PARTIES

8.  Plaintiff was at all relevant times an employee of the Defendant, CANYON COUNTY, employed as a Deputy Sheriff at the Canyon County Sheriff's Office.

9.  The Defendant to this action is the CANYON COUNTY. The correct names of Defendants named herein as DOES 1 through 10, are unknown to Plaintiff at this time; however, Plaintiffs reserve the right to amend this complaint to include said Defendants when their identity becomes known to Plaintiffs.

10. Pursuant to §16(b) of the Act, [29 U.S.C. §216(b)], Plaintiff brings this action on behalf of himself and other employees similarly situated to themselves as described in the claim set forth herein.

11. Pursuant to §16(b) of the Act [29 U.S.C. § 216(b)], the named Plaintiff herein has

Second Amended Complaint and Demand for Jury Trial. Page - 2

Exhibit 1 (Page 2 of 12)

executed and hereby filed with the Court his original consent in writing to become party Plaintiff in this action. Should additional Plaintiffs similarly situated join this action their consents will be filed with the Court.

12. Plaintiff was an employee who at all relevant times was employed in an enterprise engaged in commerce or in the production of goods for commerce, as defined by section 3(s) of the Act [29 U.S.C. § 203(s)].

13. At all relevant times herein, Plaintiff was entitled to the rights, protections and benefits provided under the FLSA.

14. Defendant CANYON COUNTY is an employer as defined by section 3(d) of the Act [29 U.S.C. §203(d)] and a "public agency" within 29 U.S.C. §203(x).

15. Defendant CANYON COUNTY is an enterprise, as defined by section 3(r) of the Act [29 U.S.C. §203(r)].

16. Defendant CANYON COUNTY is an employer as defined by section 3(d) of the Act [29 U.S.C. §203(d)] and a "public agency" within 29 U.S.C. §203(x).

17. Defendant CANYON COUNTY is an enterprise, as defined by section 3(r) of the Act [29 U.S.C. §203(r)].

### III. FACTUAL ALLEGATIONS

18. That on or about August 8, 2005, Plaintiff Zechmann was hired by and employed by the Defendant Canyon County, as a Deputy Sheriff at the County Sheriff's Office.

19. That on or about 2011, Plaintiff was assigned as a K9 Deputy for Defendant.

20. That on or about October 2014, Plaintiff became the supervisor of the K9 unit of Defendant's Sheriff's Office.

Second Amended Complaint and Demand for Jury Trial. Page - 3

Exhibit 1 (Page 3 of 12)

21. That on or about October 2016, Plaintiff spoke with the Chief Deputy of the Canyon County Sheriff's Office about the need to increase pay to the K9 officers because the Defendant County's pay was under the national standards of the FLSA.

22. That on or about October 2016, Lt. Donia Ballard became Plaintiff's supervisor over K9 issues.

23. That on or about January 2017, Lt. Donia Ballard indicated that all K9 issues would be routed through her and that no decisions would be made without her input and oversight. Lt. Ballard told Plaintiff that he was to only go to her about K9 issues and not to speak with the Chief Deputy as that was a violation of the chain of command.

24. That on or about January 2017, Plaintiff complained to Lt. Ballard, Captain Bill Adams, and Lt. Todd Herrera concerning K9 officers lying about their actual hours in training and that such activity would violate POST rules and cause their K9 program to lose certification.

25. That in April 2017, Lt. Ballard ordered Plaintiff to work a schedule that was more intensive that would not allow Plaintiff to supervise the K9 unit.

26. That on or about May 19, 2017, Plaintiff filed paperwork with Canyon County Sheriff's Office through Lt. Donia Ballard for Family Medical Leave Act (FMLA) for the coming birth of his child.

27. That on or about May 22, 2017, Sheriff Kieran Donahue served Plaintiff with Notice of Intent to Terminate Plaintiff's employment with Defendant. The termination was without cause indicating that Plaintiff was "at-will".

28. That Sheriff Donahue terminated Plaintiff from Defendant's employment on or about June 5, 2017.

Second Amended Complaint and Demand for Jury Trial. Page - 4

Exhibit 1 (Page 4 of 12)

## IV. FIRST CAUSE OF ACTION:
## VIOLATION OF IDAHO PUBLIC EMPLOYEES PROTECTION ACT (I.C. §6-2101, *et seq.*)

29. Plaintiff restates and realleges paragraphs 1 through 28 as if stated wholly herein.

30. During all relevant times, Plaintiff was a government employee, for whom Idaho Code §§ 6-2101, *et. seq.* was designed to protect.

31. Plaintiff was terminated from his employment with the Defendant for reporting and complaining of violations or suspected violations of a law or rule adopted in this state or the United States, specifically FLSA pay for K9 officers and the actual hours of training for K9 officers, as well as other violations.

32. Plaintiff's termination violates the Idaho Public Employees Protection Act found at I.C. §6-2101, *et seq.*

33. That as a direct and proximate result of the aforementioned negligence, Plaintiff has suffered damages as specified and demanded below.

## V. SECOND CAUSE OF ACTION:
## VIOLATION OF FAIR LABOR AND STANDARDS ACT

34. Plaintiff restates and realleges paragraphs 1 through 33 as if stated wholly herein.

35. Employees covered under the Act are entitled to overtime compensation at the rate of one and one-half times their regular rates of pay for all hours worked in excess of forty hours per week, except as otherwise provided in section 7 of the Act [29 U.S.C. §207]. Section 7(a)(1) of the Act [29 U.S.C. §207(a)(1) provides:

Second Amended Complaint and Demand for Jury Trial. Page - 5

Exhibit 1 (Page 5 of 12)

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

36. The Plaintiff, during the applicable statutory maximum time periods, worked in excess of the statutory maximum number of hours provided for in section 7(a)(1) of the Act [29 U.S.C. §207(a)(1)], without receiving compensation for such excess hours at a rate of one and one-half times the regular rate at which the Plaintiffs were employed.

37. At all relevant times herein, Plaintiff was "police dog" handler and "K-9" officer for Defendant. The excess unpaid overtime hours for Plaintiff includes compensable time spent caring for, maintaining, training and cleaning up after his police dog and time spent maintaining police equipment and uniforms.

38. The excess unpaid overtime hours also include time spent at the work location before the beginning of the shift during which Plaintiff is required to attend a pre-shift briefing.

39. The excess unpaid overtime hours also include time spent after the end of the shift during which Plaintiff is required to clean his assigned vehicle in which he transports his police K-9 during his patrol shift as well as time spent traveling to and participating in K-9 competitions.

40. The failure of Defendant to compensate Plaintiff at one and one-half times his regular rate for such overtime hours is a violation of section 7 of the Act [29 U.S.C. §207]. Such violation is redressable by the Plaintiff as an affected employee under section 16(b) of the Act

Second Amended Complaint and Demand for Jury Trial. Page - 6

Exhibit 1 (Page 6 of 12)

[29 U.S.C. §216(b)].

    41.    Defendant, therefore, is liable to the Plaintiff herein in the amount of Plaintiff's unpaid overtime compensation and an additional equal amount as liquidated damages, and for reasonable attorney's fees, together with the costs and disbursements of this action.

    42.    At all times relevant within the period three years prior to the filing of this complaint Defendant has been aware of the provisions of the FLSA, as amended, 29 U.S.C. §201 et seq., requiring payment of overtime compensation to Plaintiff.

    43.    Therefore, Plaintiff is entitled to the unpaid overtime compensation and liquidated damages owed on this claim for the three-year period immediately preceding the commencement of the action.

    44.    The employment and work records for Plaintiff are in the exclusive possession, custody and control of the Defendant, and Plaintiff is unable to state precisely at this time the exact amounts owing to him. The Defendant is under a duty imposed by 29 U.S.C. section 211(c) and the regulations of the United States Department of Labor to maintain and preserve payroll and other employment records with respect to Plaintiff from which some of the amounts of Defendant's liability can be ascertained.

### VI. THIRD CAUSE OF ACTION:
### VIOLATION OF THE FAMILY MEDICAL LEAVE ACT (FMLA)

    45.    Plaintiff restates and realleges paragraphs 1 through 44 as if stated wholly herein.

    46.    Defendant is an employer within the meaning of the FMLA, 29 U.S.C. § 2611(4)(A).

    47.    Upon information and belief, Defendant employs at least fifty (50) employees at or within seventy-five (75) miles of the worksite at which Plaintiff worked.

Second Amended Complaint and Demand for Jury Trial. Page - 7

Exhibit 1 (Page 7 of 12)

48. Because Plaintiff had worked for Defendant for more than twelve months and worked more than 1,250 hours during the twelve-month period immediately preceding his request for FMLA leave, Plaintiff was a "qualified employee" within the meaning of the provisions of the FMLA.

49. Defendant's actions in terminating Plaintiff's employment after notice of the need for protected leave under the FMLA constitutes conduct in violation of the FMLA, 29 U.S.C. § 2615.

50. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages in the form of lost income and lost employment benefits in an amount to be proven with specificity at trial, and other damages as specified and demanded below.

51. The termination of Plaintiff's employment was made without good faith and/or without reasonable grounds for believing that the termination of Plaintiff's employment was not a violation of the FMLA and therefore Plaintiff is entitled to liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(iii).

52. Plaintiff is further entitled to an award of attorney fees for prosecuting this action pursuant to 29 U.S.C. § 2615 and Idaho Code §§ 12-120 and 12-121.

### VII. FOURTH CAUSE OF ACTION:
### WRONGFUL TERMINATION

53. Plaintiff restates and realleges paragraphs 1 through 52 as if stated wholly herein.

54. Plaintiff's termination by Defendants was without just cause, and in violation of public policy and/or his status as an employee of the Canyon County Sheriff's Office.

55. As a direct and proximate result of Defendant's wrongful termination, Plaintiff has suffered damages in such amounts to be proven at trial.

**Second Amended Complaint and Demand for Jury Trial. Page - 8**

**Exhibit 1 (Page 8 of 12)**

## VIII. FIFTH CAUSE OF ACTION:
### TORTIOUS INTERFERENCE WITH A PROSPECTIVE BUSINESS ADVANTAGE

56. Plaintiff restates and realleges paragraphs 1 through 55 as if stated wholly herein.

57. Defendants intentionally interfered with the business relations of Plaintiff by terminating him without cause, and by providing negative reviews to future employers. Such interference was improper, wrongful, and was intended by Defendant to deprive Plaintiff of the economic benefits due him from his employment with the Defendant or other similarly situated law enforcement employers.

58. These acts of interference with prospective advantage were wrongful in that each was accomplished with an improper motive and/or by improper means by reason of applicable statutes, regulations, recognized rules of common law including but not limited to those applicable to causes of action for deceit or misrepresentation, defamation, or disparaging falsehood, or established standards of the trade or profession.

59. Plaintiff has suffered damages, on account of these acts of Defendant, for lost wages, loss of future earnings, loss of employment benefits, and loss of future employment benefits, and mental and emotional distress, to be proven at trial.

60. As a direct and proximate result of the deprivation of rights, privileges, and/or immunities due Plaintiff, Plaintiff has suffered special damages.

## IX. SIXTH CAUSE OF ACTION:
### NEGLIGENT AND/OR INTENTIONAL INFLICTION OF EMOTION DISTRESS

61. Plaintiff restates and realleges paragraphs 1 through 60 as if stated wholly herein.

62. That the investigation and discipline of Plaintiff by Defendants was conducted in a manner as to negligently and/or intentionally inflict emotional distress on Plaintiff.

Second Amended Complaint and Demand for Jury Trial. Page - 9

Exhibit 1 (Page 9 of 12)

63. By its actions detailed herein above, Defendants have negligently and/or intentionally caused Plaintiff to suffer extreme mental anguish and emotional distress which distress has resulted in physical manifestations including sleeplessness, depression and anxiety.

64. That as a direct and proximate result of the aforementioned negligence and/or intentional acts, Plaintiff has suffered damages as specified and demanded below.

65. Plaintiff is entitled to recover attorney's fees and costs incurred in prosecuting this action pursuant to Idaho Code §§ 12-120(3) and 12-121.

### PRAYER FOR RELIEF

1. As a direct and proximate result of Defendants' actions, Plaintiff incurred and suffered the following injuries and damages for which hhe is entitled to compensation in amounts to be proven at trial:

   a. Past, present, and future pain and suffering, scarring, mental anguish, emotional distress, humiliation, permanent disability and loss of enjoyment of life;

   b. Bodily injuries (without limitation);

   c. Past, present, and future medical, rehabilitation, and related expenses to remedy physical and psychological injuries;

   d. Past, present, and future loss of wages and earning capacity; diminution of retirement benefits and other fringe benefits; transportation and car expenses occasioned by trips to and from doctors' offices and hospitals; loss of income from work missed occasioned by trips to and from doctors' offices and hospitals, in sums to be proven at trial;

Second Amended Complaint and Demand for Jury Trial. Page - 10

Exhibit 1 (Page 10 of 12)

e. Judgment declaring that Defendant has violated Plaintiff's rights under the Idaho Public Employees Protection Act, FLSA, and the FMLA;

f, An order for a complete and accurate accounting of all compensation to which Plaintiff is entitled;

g. Pursuant to Idaho Code § 6-2106, an order for:
1). The reinstatement of the Plaintiff to the same position held before the adverse action, or to an equivalent position;
2) The reinstatement of full fringe benefits and seniority rights;
4) The compensation for lost wages, benefits and other remuneration;
5) An assessment of a civil fine of not more than five hundred dollars ($500), which shall be submitted to the state treasurer for deposit in the general fund.

h. Judgment against the Defendant awarding Plaintiff monetary damages in the form of back pay compensation, liquidated damages equal to their unpaid compensation, plus appropriate pre-judgment and post-judgment interest;

i. Plaintiff is entitled to recover reasonable attorney's fees and costs incurred in maintaining this action against Defendants pursuant to IHRA, I.C. §§ 6-2101 *et.seq.*, 12-121, Title VII or as otherwise may be allowed by applicable Idaho or federal law pursuant to FLSA; and,

j. The costs and disbursements of this action together with such other and further relief as the Court deems proper.

k. Additional injuries and damages yet to be discovered and to be proven at trial.

Second Amended Complaint and Demand for Jury Trial. Page - 11

Exhibit 1 (Page 11 of 12)

2.      As a direct and proximate result of the aforementioned actions of the Defendants, Plaintiff has been required to retain legal counsel for prosecuting this action, has retained the services of Filicetti Law Office, P.A., to represent them in this action, have agreed to pay reasonable attorney fees, and is therefore entitled to recover reasonable attorney fees and costs herein from the Defendants pursuant to Idaho Code §12-120(4) and Idaho Code §12-121 as well as other applicable statutes and legal theories.

3.      Plaintiff is entitled to such additional damages as the evidence shows and the Court deems reasonable, just, and proper.

4.      In any event, Plaintiff's damages exceed $10,000.00.

**WHEREFORE**, Plaintiff prays for judgment against the Defendants, as follows:

1.      For compensatory, general, and special damages in excess of the minimum jurisdictional limits of this Court, all in amounts to be proven at trial, and for interest thereon;

2.      For an award of costs and attorney fees incurred in this action; and

3.      For such other and further relief as the Court may deem just and reasonable.

### DEMAND FOR A JURY TRIAL

Plaintiff hereby demands a jury trial before a jury of twelve (12) jurors on all issues in this Complaint pursuant to I.R.C.P. 38 (b).

DATED this 7th day of May, 2018.

FILICETTI LAW OFFICE, P.A.

_____
Joseph P. Filicetti
Attorney for Plaintiff

Second Amended Complaint and Demand for Jury Trial. Page - 12

Exhibit 1 (Page 12 of 12)